THORN v. VOLUNTEER ST. GREGORY HOSPITAL, Inc.

(Supreme Court, Appellate Term.  June 5, 1908.)

CORPORATIONS—LIABILITIES—ASSUMPTION OF PRE-EXISTING DEBTS.

A society agreed to transfer its interest in a hospital to the Volunteers of America, the Volunteers retaining the right to withdraw from the agreement by giving the society 15 days' notice before the expiration of 3 months. After the 3-month period a corporation was formed by practically the same persons who represented the Volunteers in the negotiations which led to its formation. *Held*, that they took the property charged with any agreement as to assumption of liabilities which was a part of the agreement of transfer.

2. SAME.

The formality of a resolution of the corporation to pay the liabilities was not necessary.

3. SAME—EVIDENCE.

Evidence *held* to show that an organization, to which a society transferred its interest in a hospital, agreed to assume certain hospital debts.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Oscar Thorn, doing business under the firm name of T. ·H. Thorn & Co., against the Volunteer St. Gregory Hospital, Incorporated. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

L. E. Warren, for appellant.

V. L. Haines, for respondent.

PER CURIAM. The plaintiff alleges the sale and delivery of coal to St. Gregory Emergency Hospital between October 3, 1905, and August 1, 1906, of the value of $304.75, for which said hospital paid $100 on account, leaving a balance of $204.75; that on September 1, 1906, the St. Gregory Emergency Hospital agreed to transfer its property to the defendant, which agreed to assume the payment of the above balance; that between September 2, 1906, and March 27, 1907, plaintiff sold to the defendant coal of the value of $293.75, thus creating a total indebtedness of $498.50, on which there has been paid $331.25 between December 8, 1906, and August 23, 1907, leaving a balance of $167.25, for which plaintiff demands judgment. The answer was a general denial.

Plaintiff's bill of particulars set forth sales of coal between October 23, 1905, and March 8, 1907, aggregating $598.50, and payments between February 26, 1906, and August 23, 1907, aggregating $431.25, leaving a balance of $167.25. September 10, 1906, an agreement was made between the St. Gregory Society and the Volunteers of America whereby the society transferred all its interest in St. Gregory Free Emergency Hospital to the Volunteers, which retained the right to withdraw from the agreement by giving to the society 15 days' notice before the expiration of 3 months from its date, in which event the property should revert to the society; the society ·to assume all liabilities should the Volunteers withdraw "after said three months." If the Volunteers should continue after the three months, the society should disband.

It seems to be conceded that after an experimental trial of three months, and about December, 1906, St. Gregory's Hospital of the Volunteers of America was incorporated by some of the parties to the agreement of September 10, 1906, and others, held its first meeting in January, 1907, and on January 18, 1907, plaintiff received a check for $100 "in part payment of the old account." Dr. Gardner, identified with the entire transaction, called for the plaintiff, testified that he was selected to audit the accounts and approved plaintiff's claim; that the medical board of the society and the Volunteers each agreed to raise $1,250 as a loan, and that the Volunteers also agreed to pay these bills. "We gave them [the Volunteers] the hospital, and we didn't want to give them a hospital and pay the bills besides." ·Dr. Nelden, also identified with the entire transaction, °called by plaintiff, testified that the Volunteers were to assume these debts if they continued the hospital after three months, and on that consideration it was turned over to them. Mr. Craft, also identified with the trans-

action and defendant's treasurer, was the only witness called by the defendant. He testified that the corporation at no meeting assumed the old debts and had never paid anything on account of these bills. The $100 paid plaintiff came from $1,250 advanced to the hospital by the medical board of the society. On cross-examination his direct testimony was considerably weakened, particularly by the production of a letter written by him to Dr. Gardner, January 10, 1907, upon the letter head of the "St. Gregory Emergency Hospital of the Volunteers of America," in which the writer agrees to pay several debts, and concludes:

"As soon as they are settled, we will take up the matter of paying some of the creditors, so far as the money will go."

The formality of a resolution by the defendant to pay these bills was not necessary. The parties to the corporation were practically the parties to the negotiations which led to its formation, and they took the property charged with any agreement relating to its transfer. The attempt of this charitable institution, in the circumstances, to avoid this claim is not commendable on moral grounds, but, fortunately for the plaintiff, is wholly overcome by the proofs.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.